SNEed, J.,
delivered the opinion of the court:
This action was instituted in the circuit court of Greene county, on the 27th of January, 1873, upon a note for $1,500, in the words and figures following:
“$1,500.00.
“Twelve months after date, we, or either of us, promise to pay to A. and W. C. Scruggs, executors of the estate of Richard Scruggs, deceased, fifteen hundred dollars, for value received, with interest from date. This, the 18th day of October, 1859.
“[Signed] ■ Jaoob Myers,
“J. O. Martin,
“John Willoughby.”
The co-executor, Abigail Scruggs, being dead, the action is brought by the surviving executor, Wm. O. Scruggs, against Jacob Myers, and the representatives of John Wil-loughby, deceased, the said J. O. Martin not being sued. The defense relied on is the statute of limitations of six years — and in behalf of 'Willoughby’s administrators, that of two years and six months. Upon the state of facts hereinafter to be considered, the circuit judge, to whose determination the issues were submitted upon a waiver of the jury Irial, was of opinion that the action, was barred under die statute of six years, and rendered judgment for the defendant accordingly. The plaintiff has appealed, and upon the facts argued below, demands a reversal of the judgment. The facts argued, upon which the judgment below was pronounced, need not be set out in detail. The whole question must turn upon the construction of a certain order of the late Chancellor Lucky, dissolving an injunction in a proceeding brought by bill in chancery, by the defendant, Jacob Myers, against this plaintiff and others. The bill was filed, among other purposes, to enjoin the collection of the note now in controversy, upon the ground *355 that it had been paid. It is agreed that if the injunction granted in. that proceeding against the collection of this note, was embraced in the order of dissolution, awarded by the chancellor on July 1, 1861, then the action in this case is barred. The decision of the question imposes upon us the necessity of looking into the facts of that proceeding, the record of which, as finally determined -in this court, is by agreement, made a part of the record in this case. On the 27th of March, 1861, Jacob Myers filed his bill against .Richard D. Scruggs, in his own right, and against Abigail Scruggs and the present plaintiff, W. C. Scruggs, as executors of the last will of Richard Scruggs, deceased, and against other parties supposed to be the debtors of Richard D. Scruggs. The main object of the bill was to enforce a large demand against Richard D. Scruggs, accruing upon a sale of certain negro slaves to him by the complainant. The only facts necessary to be considered, as alleged in that bill, are that the complainant, sold to defendant, Richard D. Scruggs, in 18 — , certain slaves for the sum of $7,500, for which, the said Scruggs executed to complainant his promissory note for $6,000, and his written obligation to pay to Abigail and "VV. O. Scruggs the note now in controversy, of $1,500, which two amounts made up the said sum of $7,500. By this bill the said Myers attached certain slaves and real estate alleged to belong to the said Richard D. Scruggs, and certain judgments also alleged to belong to the said Scruggs. He also obtained an injunction against the said Abigail and "W. O. Scruggs, as executors, inhibiting them from proceéding to collect this note of $1,500 now in controversy, upon the ground that the same has been paid by Richard D. Scruggs to them, according to the terms of his contract with the, complainant. He also obtained a preliminary injunction against the sale or other disposition of the other property attached, and the collection of the judgments attached. At the time of this proceeding no action, had been begun upon the note in controversy, and the only equity *356 of the bill against the collection, of the note was that it had been paid. Under the fiats of the judge who awarded the wits of attachment and. injunction, four several writs were issued: One to Greene county, enjoining Abigail Scruggs from the collection of the note in controversy; another to Greene county, enjoining certain judgments attached from- being paid; another to Grainger county, enjoining said W. G. Scruggs from proceeding' to collect said note; and another to the county of Jefferson, attaching certain slaves and real estate, as the property of Richard 1). Scruggs, and enjoining him from disposing of the same. The defendants, Richard D. Scruggs and Abigail and W. C.. Scruggs, amended the bill, disputing and denying all the equities thereof. In regard to the property attached, the answer of Richard D. Scruggs disclaims all title to the same, and denies, also, that the note in controversy had ever been paid by him; and the answer of the defendants, Abigail and W. C. Scruggs, also positively deny said payment. The answer of Richard D. Scruggs sets forth in detail the transactions between himself and the complainant Myers, alleging a fraudulent breach of contract by the said Myers, in the sale of said slaves, as the reason why he had not discharged the note- in controversy according to the terms of his contract.
It is unnecessary further to notice the particular matters of controversy between the complainant Myers, and said Richard I). Scruggs, than to state the fact that upon the final determination of them, it was adjudged, among other things, that the note now in controversy had never been paid. On the 11th of June, 1861, a notice was> issued to the complainant, Jacob Myers, that on July 1, 1861, the defendants would apply to Chancellor Lucky, at chambers at Sneedville, to discharge the attachment and dissolve the injunction in the case in Greeneville chancery court, in which you are complainant and we and others are defendants. This notice was signed by Richard D. Scruggs, W. C. Scruggs, and Abigail Scruggs, by O. W. Hall, solicitor. *357 Under that notice the motion was duly made, on the ls,t of July, 1861, and Chancellor Lucky made an order in the words following:
“Jacob Myers v. Nichard D. Scruggs et al. — Motion to dissolve an injunction and attachment at Sneedville, on July 1, 1861.
“The answers of defendants denying all of the material allegations in the bill, the injunction and attachment heretofore issued in this case is dissolved, on condition that any of the parties claiming the negroes attached, may take the same into their possession upon entering into bond and security before the clerk and master, in a sum double their value, to account for the value of the same if it should be so decreed on the final hearing of the cause. The judgments attached may be collected by the respondents, upon entering into bond in double the amount to account for the same, if so ordered on the final hearing. The' parties claiming the negroes may enter into separate bond each, in double their value. Upon the execution of the bond, the clerk and master will issue an order for the surrender of the negroes wherever they may be, to the parties claiming them. The attachment upon the house and lot may be released upon a like bond being executed in double the value.”
It appears that no bond whatever was executed under this order, or any other steps taken under the same, and that said cause in chancery, so far as the note is concerned, was placed at issue, the proof taken, and at the -- term, 1871, a decree was rendered dismissing the bill as to the note, from which the complainant appealed to this court, and at the September term, 1872, of this court, said decree as to this note was affirmed. That decree adjudged that the note had not been paid, and this present action upon the note was begun June 29, 1873.
Now, the specific prayer of the complainant’s bill in said cause was to enjoin the defendants, Abigail and ~W. C. Scruggs, from collecting, selling, or transferring the note *358 now in suit; to enjoin Richard D. Scruggs from selling, assigning, or disposing of the house and lot and negroes attached and described in the bill, and to enjoin certain supposed judgment debtors of Richard D. Scruggs from paying over to said Richard the said judgments; 'amid upon this prayer a general injunction and attachment was awarded upon the conditions sets forth in the order. It turns out upon the answers that other parties claimed title to most of the property attached, and that the judgments were not the property of Richard D. Scruggs.
It is insisted on behalf of the plaintiff in this action at law upon the note, that the order of dissolution was not intended by the chancellor to embrace the note, and that the injunction as to the same was never dissolved at all until the final disposition of the cause at the September term of this court, 1812. The plaintiff bases his argument upon the fact that the note was not especially mentioned in the order of dissolution, and that no refunding bond was ever executed under the same.
We have arrived at a different conolusion. The fact is indisputable and undisputed, that the note was embraced in the injunction. The rule of chancery practice is to re-require a refunding bond on the dissolution of an injunction, when there are reasonable grounds to suppose that the parties will not he in statu quo- at the hearing. Davis v. Fulton, 1 Tenn., 121. The terms on which an injunction is granted (or dissolved), are in each case a question of discretion of the chancellor, but tbe general principle upon which the court proceeds is to put the party applying upon such terms as will enable the court to do justice to his adversary in the event of his failure to make out his case at the hearing. Kerr, Inj., 19. It. is almost the universal practice to dissolve an injunction when the answer fully denies all the facts on which the equity of the bill is founded. 1 Johnst. Chy., 211; 4 Ired. Eq., 105.
Now, the chancellor in this order of. dissolution, had very good reasons for requiring terms as'to that part of *359 the Injunction touching tlie attached negroes and real estate, because other parties were intervening who claimed this property. But there was no sort of necessity for der manding any such condition as a refunding bond upon the dissolution as to the note; no suit at law or in equity had ever been brought for the collection of the note, and the only ground on which the injunction against the collection of the note was demanded, was that it had been paid, and this defense would still be available at law, whenever an action was brought to recover the note. It certainly cannot be contended that an order of dissolution may not be good in part and bad in part, according to the compliance of the party moving it with the terms and conditions imposed by the chancellor.
Bor illustration, if the order of dissolution in this case required a refunding bond as to the negroes and land attached, and required none as to the note, and no refunding bond was given as to the negroes and land, upon what principle can it be contended that the order of dissolution as to the uote must fail also'* That is a substantive thing, having no connection with the property attached, and resting upon equities totally different. The complainant alleged that the note had been paid, and its collection was enjoined; the executors of Richard Scruggs denied it. Who, then, is likely to he injured by dissolving that injunction against its collection? Certainly the complainant cannot, while this defense and his only equity against the note still remains to him to set up and establish at the trial that the note has been paid. We are of opinion, then, that the discretion of the chancellor was not improperly exercised in dissolving the injunction as to the note without imposing terms, and that the injunction against the collection of the note was dissolved by the order in question. The only interest W. C. and Abigail Scruggs had in that litigation was this injunction against the collection of this note. They asked a dissolution and it was granted, and every impedí *360 ment was then and there removed which stood in their way to its collection. We hold that the action in this case is barred by the statute of limitations.
Let the judgment be affirmed.